UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERICE MOORE,

    Plaintiff,

v.

UNITED STATES ARMY, et al.

    Defendants.

Case No. 25-cv-13717

Honorable Robert J. White

## ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE COMPLAINT

Before the Court is *pro se* Plaintiff Cherice Moore's application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint for failing state a plausible claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

Plaintiff provides a one-page statement of her claim(s), alleging that she and her children were exposed to "direct energy attacks" beginning in May 2020, while living at Fort Lee in Virginia. Plaintiff alleges that she reported concerns up her chain of command and to other officials at Fort Lee but was essentially ignored; she submitted a personal injury claim to the U.S. Army in March 2025, which it denied.

(ECF No. 1, PageID.6). Plaintiff asserts that the Court has federal question jurisdiction under 28 U.S.C. § 1331, but she critically fails to identify any federal authority underlying her claim(s). While Plaintiff lists "Codes 360 [and] 895 of the suit code dociptions[1] [sic]" (ECF No. 1, PageID.4), as a specific source of federal law at issue here, the Court is unsure what she means.

Given this deficiency, the Court is essentially left to devise the nature of Plaintiff's claims. *See Gibbs v. Mich. Unemployment Agency*, No. 22-12668, 2022 U.S. Dist. LEXIS 207098, at *3 (E.D. Mich. Nov. 15, 2022) ("*pro se* litigants remain subject to the Federal Rules of Civil Procedure, and courts are not expected to devise a claim where the plaintiff has failed to articulate one in his pleadings") (citing *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)). The Court will therefore dismiss Plaintiff's complaint without prejudice.

* * *

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

---

[1] This word is either illegible or misspelled in Plaintiff's complaint.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

Dated: December 29, 2025                         s/Robert J. White
                                                                         Robert J. White
                                                                         United States District Judge